SHINYEI CORPORATION OF AMERICA, Plaintiff, v. UNITED STATES, Defendant.

Court No. 08–00191

Dated: May 6, 2010

*Charles H. Bayar* for the plaintiff.

*Tony West*, Assistant Attorney General; *Barbara S. Williams*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S.

---

*27–28 (citing *Chevron*, 467 U.S. at 843), *31. Paradoxically, a party that cooperated fully could obtain a less favorable result "than if it had cooperated fully." *Id.* at *31 (quoting SAA at 870; 1994 U.S.C.C.A.N. at 4199). That construction, this court stated, "makes a mockery of any notion of fairness" by permitting an "absurd result" that contravenes the "fundamental purpose of the antidumping law," which is to "determin[e] current margins as accurately as possible." *Id.* at *30 (quoting *Rhone Poulenc*, 899 F.2d at 1191) (citing 19 U.S.C. § 1675(a)), *32.

[17] Commerce can continue to ensure that King Pac and Master Packaging do "not obtain a more favorable result by failing to cooperate than if [they] had cooperated fully." SAA at 870, 1994 U.S.C.C.A.N. at 4199. Remand in this action is limited to KYD's entries of the subject merchandise during the POR—entries which have already occurred and for which KYD alone is required to pay duties pursuant to 19 U.S.C. § 1673g(b)(4). Commerce need not revisit the assessment rate for entries not imported by KYD or the cash deposit rate for entries subsequently exported by King Pac and Master Packaging. KYD's information would not appear to provide a "reliable basis" for these determinations, 19 U.S.C. § 1677m(e)(3), as they involve entries by importers other than KYD. Finally, it is premature to decide whether Commerce may use inferences that are adverse to KYD, either in the determination of the normal value of KYD's entries or in the renewed application of "totaladverse facts available." On remand, Commerce could conceivably determine that the use of adverse inferences is unwarranted by the facts even if such use is authorized by the law.

Department of Justice (*Amy M. Rubin*); *Edward N. Maurer*, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, and *Deborah R. King*, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, of counsel, for the defendant.

## OPINION AND ORDER

RESTANI, Chief Judge: This action concerning antidumping duties is before the court on the government's motion, in essence, to strike the First Amended Complaint ("F.A.C.")[1] because it challenges decisions of the Commerce Department and not of the United States Customs and Border Protection or its predecessors ("Customs"), and plaintiff has asserted jurisdiction under 28 U.S.C. § 1581(a) concerning denial of a protest by Customs.

The entries at issue of Japanese ball bearings were made in 1993 and 1994 and were subject to an antidumping duty cash deposit rate of either 9.22% or 13.11%. F.A.C. ¶ 9. The F.A.C. challenges an instruction dated April 2, 2002, from Commerce which directed Customs to liquidate all outstanding entries at the entry duty deposit rate. F.A.C. ¶ 13. This instruction allegedly contradicted an instruction from Commerce of March 14, 2001, regarding the 5th periodic administrative review, *id.* ¶ 12, part of which plaintiff alleges is also erroneous, but which plaintiff alleges, but for the erroneous part, would be beneficial to it. The action essentially alleges errors by Commerce and seeks one type of relief, reliquidation at the claimed rates with resulting refund with interest. The second count of the F.A.C. alleges in bare terms that "Assessments" are contrary to the instructions. Presumably, this might be read to challenge a Customs decision, but the briefs make clear that plaintiff is complaining that "illegal" instructions by Commerce are to be disregarded by Customs. In any case, this allegation is made in the original complaint, which is not dismissed.

Challenges to instructions by Commerce are not the proper subject matter of a suit challenging a Customs decision brought under 28 U.S.C. § 1581(a) jurisdiction. The facts alleged in the F.A.C. do not assert a challenge to a decision of Customs that may be protested under 19 U.S.C. § 1514(a), and which then may be the subject of a protest review under 19 U.S.C. § 1515. *See, e.g., Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973, 976–77 (Fed. Cir. 1994); *UniPro Foodservice, Inc. v. United States*, 577 F. Supp. 2d 1348, 1352 (CIT 2008).

Accordingly, the court grants the government's motion to strike the F.A.C. Furthermore, the plaintiff is allowed 30 days to amend its

---

[1] The government styles its motion a motion to dismiss, but it asks the court to reinstate the original complaint which was also brought under 28 U.S.C. § 1581(a) jurisdiction.

original complaint, if it has a timely complaint against Commerce. In any case, the parties shall submit a new scheduling order withing 40 days hereof.